# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
ALFA DIA,
              Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,
              Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 14-954
Special Master Christian J. Moran

Filed: October 24, 2016

Influenza ("flu") vaccine; compensation.

Braden A. Blumenstiel, Blumenstiel Falvo, LLC, Dublin, OH, for petitioner.
Jennifer L. Reynaud, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Alfa Dia filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 et seq., on October 6, 2014. The petition alleged that Mr. Dia suffered injuries after he received the influenza vaccine on October 2, 2012. See Petition, filed Oct. 6, 2014. The information in the record, however, does not show entitlement to an award under the Program.

### I. Procedural History

On October 6, 2014, Mr. Dia filed a petition seeking compensation for injuries he sustained following the receipt of the influenza vaccine administered on October 6, 2012. Mr. Dia filed an amended petition on July 9, 2015. The amended petition alleges that the vaccine administration caused Mr. Dia to suffer the

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

following symptoms: rapid heartbeat, fever, chills, sweating, headaches, joint pain, and numbness, weakness and tingling in his lower extremities and eventually his entire body.

On August 12, 2015, respondent filed her Rule 4 report. She concluded that petitioners failed to demonstrate, by a preponderance of the evidence, that Mr. Dia had sustained an injury recognized within the criteria of the Vaccine Injury Table.

On October 26, 2015, petitioner filed an expert report by Phillip C. DeMio, M.D, which was approximately one and a half pages. Exhibit 49. Dr. DeMio's report, however, is not persuasive for many reasons. A key omission in Dr. DeMio's report is that he simply asserts that vaccines "can & do lead to entities including peripheral neuropathies." Exhibit 49 at 1. Within the four corners of this report, he does not propose any theory that would satisfy the first prong of Althen. In addition, although Dr. DeMio's background is in autism, he did not explain his qualifications to opine about peripheral neuropathy. These concerns were raised with the petitioner during a status conference held on _____.

On February 2, 2016, petitioner stated he needed time to undergo QSART testing and a skin biopsy for intra-epidermal nerve fiber counting to facilitate an expert report. Mr. Dia was tested on March 29, 2016, and the test results were normal. Exhibit 53 at 1.[2]

During a status conference held on September 7, 2016, petitioner's counsel requested time to confer with petitioner on how he would like to proceed with the case. On October 5, 2016, petitioner filed a motion entitled Motion for Ruling on the Record.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). An examination of the record did not uncover any evidence that Mr. Dia

---

[2] This report also indicates that an associated diagnosis is "hereditary and idiopathic peripheral neuropathy." Exhibit 53 at 6. In light of the normal test results, it is unclear whether this diagnosis was rendered before or after the testing.

suffered a "Table Injury." Further, the record does not contain other persuasive evidence indicating that Mr. Dia suffered any injury.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support. Though a medical opinion has been offered, it is not persuasive.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate that he suffered a "Table Injury," or any injury.

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
