# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
ALFA DIA,                             *
                                      *   No. 14-954
            Petitioner,               *   Special Master Christian J. Moran
                                      *
v.                                    *
                                      *   Filed: May 25, 2017
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *   Attorneys' fees and costs.
                                      *
            Respondent.               *
* * * * * * * * * * * * * * * * * * * *
```

Braden A. Blumenstiel, Blumenstiel Falvo, LLC, Dublin, OH, for petitioner.
Jennifer L. Reynaud, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Alfa Dia sought compensation through the National Childhood Vaccine Compensation Program unsuccessfully. He is now seeking an award for attorneys' fees and costs. **He is awarded $10,608.35**.

\* \* \*

Represented by attorney Braden Blumenstiel, Mr. Dia filed his petition on October 6, 2014. Although Mr. Blumenstiel attempted to file medical records with the petition, Mr. Blumenstiel's organization of the medical records did not comply with the Vaccine Rules. Thus, an initial set of medical records were struck. Mr. Blumenstiel's second and third attempts to file medical records were also not successful.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On January 29, 2015, on behalf of Mr. Dia, Mr. Blumenstiel correctly filed a set of medical records. Exhibits 30-40. After filing additional medical records, Mr. Blumenstiel filed a statement of completion on June 12, 2015. He filed an amended petition on July 9, 2015. The amended petition alleged that a flu vaccine caused Mr. Dia to suffer small fiber neuropathy.

The Secretary reviewed the medical records and recommended that compensation be denied. The Secretary questioned whether Mr. Dia actually suffered from a small fiber neuropathy. The Secretary also noted that Mr. Dia had not presented any theory to explain how the flu vaccine can cause small fiber neuropathy. Resp't's Rep., filed Aug. 12, 2015, at 10-11.

In the ensuing status conference, Mr. Blumenstiel stated that the petitioner would attempt to obtain a report from an expert. To assist the petitioner, the undersigned offered to provide instructions that the expert should follow to prepare the report that addresses all the issues in the case. See order issued Aug. 26, 2015.

Mr. Blumenstiel filed a report from Phillip C. DeMio on October 26, 2015. Exhibit 49.[2] Dr. DeMio's report, which was approximately one and one-half pages in length, failed to comply with the instructions issued on August 26, 2015. Furthermore, as discussed in the November 10, 2015 status conference and discussed more below, Dr. DeMio's qualifications to present an opinion about a flu vaccine causing small fiber neuropathy were questionable. Thus, the petitioner was ordered to obtain a report from a different expert, preferably a neurologist.

In a January 29, 2016 status conference, the undersigned counseled Mr. Blumenstiel about various problems. Areas of concern included Mr. Blumenstiel's failure to access an order through the Court's CM/ECF system, which should have informed Mr. Blumenstiel about a telephonic status conference; Mr. Blumenstiel's missing of various deadlines without filing an appropriate motion for enlargement of time; and Mr. Blumenstiel's attaching improperly labeled exhibits to status reports. As a consequence of these repeated problems, the undersigned informed Mr. Blumenstiel that he might face sanctions pursuant to Vaccine Rule 5(c).

More substantively, in the January 29, 2016 status conference, Mr. Blumenstiel discussed his plan to retain an expert, Steven Nash. Dr. Nash was requesting that certain tests be performed to determine whether Mr. Dia suffered

---

[2] Mr. Blumenstiel did not assign an exhibit number to Dr. DeMio's report.

from small fiber neuropathy. Obtaining those tests took several months. Once the tests were conducted, the results were normal. Exhibit 53.

Mr. Blumenstiel stated in a September 7, 2016 status conference that he wanted to counsel Mr. Dia about how to proceed. Mr. Dia filed a motion for ruling on the record on October 5, 2016. His case was dismissed on October 24, 2016. 2016 WL 6835549.

On March 21, 2016, the petitioner filed a motion requesting an award of attorneys' fees and costs. The motion seeks a total of $13,987.35, comprised of $9,767.25 in attorney's fees and $4,220.10 in attorneys' costs. Pursuant to General Order No. 9, Mr. Blumenstiel represented that Mr. Dia did not personally incur any costs.

The Secretary filed a response to Mr. Dia's motion. The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed April 3, 2017, at 2. With respect to amount, the Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

This matter is now ripe for adjudication.

\* \* \*

Even though compensation was denied, a petitioner who brings a petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed April 3, 2017, at 2. Thus, the undersigned finds that petitioner is eligible for an award of attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because

3

the lodestar process yields a reasonable result, no additional adjustments are required.

\* \* \*

Mr. Dia requests compensation for his attorney, Mr. Blumenstiel. For work in this case, Mr. Blumenstiel has charged $225.00 per hour. Mr. Blumenstiel is located in Dublin, OH and works at the same law firm as his father, James Blumenstiel, who also practices before the Vaccine Program. A reasonable rate for Mr. James Blumenstein has previously been found to be $225.00 per hour. Reginelli v. Sec'y of Health & Human Servs., No. 14-972V, 2016 WL 1161309 (Fed. Cl. Spec. Mstr. March 1, 2016). Therefore, based on Mr. Blumenstiel's experience and the undersigned's experience in adjudicating fee applications, a reasonable rate is $200 per hour. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). Mr. Blumenstiel will be compensated at this rate for his legal work, subject to the discussion below.

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at \*2 (Fed. Cl. Spec. Mstr Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). Most aspects of the application for attorneys' fees appear reasonable.

Here, Mr. Blumenstiel's invoice contains entries totaling approximately 40 hours. Interestingly, Mr. Blumenstiel's invoice does not list several activities that almost certainly took place. He does not list time spent to gather medical records. He includes a relatively small amount of time for the review of medical records. See entries for Jan. 15, 2014, Sept. 16, 2015; Oct. 21, 2015. The gathering of medical records is certainly a task that paralegals perform routinely. Paralegals often take the lead in summarizing medical records.

4

Why Mr. Blumenstiel's invoice contains no activities by paralegals is not clear.  Perhaps, Mr. Blumenstiel does not employ a paralegal.  Perhaps, Mr. Blumenstiel exercised billing judgment to remove these tasks in light of the continued problems with filing medical records.

Regardless, Mr. Blumenstiel performed other tasks that a paralegal could have performed.  Examples of paralegal or clerical tasks that were charged at Mr. Blumenstiel's rate include updating contact information, filing an amended petition, dropping materials off to an expert, and organizing material for review.  While Mr. Blumenstiel has discretion in choosing which tasks to perform and which to delegate, tasks "that a paralegal can accomplish should be billed at a paralegal's hourly rate." Riggins v. Sec'y Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *25 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for review denied (slip op. Dec. 10, 2009), aff'd 406 Fed. Appx 479 (Fed. Cir. 2011).  To accomplish "rough justice," $800.00 of the attorneys' fees is deducted. Fox v. Vice, 563 U.S. 826, 838 (2011).  Therefore, Mr. Dia is awarded **$7,882.00** in attorneys' fees.

In addition to seeking an award for attorneys' fees, Mr. Dia seeks compensation for costs expended, totaling $4,220.10.  The costs for routine items, such as medical records and the filing fee are reasonable.  Mr. Dia is awarded these costs ($696.52) in full.

However, the bulk of the costs are more problematic.  Mr. Dia is seeking $2,493.75 for Dr. DeMio's work and $1,029.83 for Dr. Nash's work.  The process for determining a reasonable amount of compensation for experts follows the same lodestar method in which a reasonable number of hours is multiplied by a reasonable hourly rate.

There are several deficiencies with Dr. DeMio and his invoicing.  The first problem is the most critical.  Mr. Blumenstiel's decision to retain Dr. DeMio to opine in this case is very questionable.  Mr. Blumenstiel knew or should have known that Dr. DeMio has focused on treating children with autism, not treating adults with neuropathies.  See Holt v. Sec'y Health & Human Servs., No. 05-136V, 2015 WL 4381588, at *13, *16 (Fed. Cl. Spec. Mstr. June 24, 2015), mot. for review filed (July 23, 2015).  Moreover, after receiving testimony from Dr. DeMio, a former chief special master found his opinions not reliable. Id. at *17.  These factors should have made Mr. Blumenstiel pause before retaining Dr. DeMio.

5

The second problem with Dr. DeMio is that he produced a report that fell well short of expectations. Dr. DeMio cannot excuse the poor quality of his report by suggesting that he was confused about expectations because the requirements for his report were set forth in the August 26, 2015 order. The conclusory nature of Dr. DeMio's report made it practically valueless and forced the petitioner to seek the report from a second expert.

The third problem with Dr. DeMio is that his invoice is based upon charging by the number of pages of medical records reviewed. See Pet'r's Mot., exhibit 5, at pdf 10 (Dr. DeMio's invoice). This form of invoicing is not acceptable. Experts are expected to list the amount of time they spent on particular activities. See Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 781-83 (2013); Morse v. Sec'y of Health & Human Servs., 89 Fed. Cl. 683 (2009).

In light of these problems, a reasonable amount of compensation for Dr. DeMio's work in this case is $1,000.00. However, Mr. Blumenstiel is placed on notice that the undersigned is highly unlikely to award any compensation for work Dr. DeMio performs after the date of this decision.

The work of Dr. Nash is slightly better. For this work, Mr. Dia has requested reimbursement of $1,029.83. Mr. Dia has supported this request with a credit card receipt to "American Medical Experts." Pet'r's Mot., exhibit 5, at pdf 11. Mr. Dia has submitted neither a retainer agreement nor an invoice from Dr. Nash.

On the one hand, the lack of supporting documentation is concerning and if Dr. Nash had continued to work on the case, the petitioner would have been required to submit more details about Dr. Nash's work. But, on the other hand, the requested cost for Dr. Nash is not expensive and aligns with fees experts typically charge for reviewing a case. Thus, Mr. Dia is awarded all compensation requested for Dr. Nash.

\* \* \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $10,608.35 ($7,882.00 in fees and $2,726.35 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. The undersigned GRANTS the petitioner's motion and awards $10,608.35 in attorneys' fees and costs. This shall be paid as follows:

**A lump sum of $10,608.35, in the form of a check made payable to petitioner and petitioner's attorney, Braden A. Blumenstiel of Blumenstiel Falvo, LLC, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.